## Greater Mortgage Company v. Zimmer

*Gifford, Graham, MacDonald & Illig,* for petitioners.
*Herbert J. Johnson,* for respondent.

EVANS, P. J., June 1, 1965.—Before us is a petition to stay execution issued on a judgment entered in the

prothonotary's office at February term, 1965, no. 1176. Also before us is a petition for imposition of sanctions.

At the time of argument in this matter, it was represented that a judgment entered on a bond accompanying a real estate mortgage in the amount of $8,000 actually involves consideration received by the mortgagors in the amount of $4,500, the balance of the debt being usury.

At September term, 1964, no. 8, in equity, the debtors started an action by the issuance of a summons. Thereafter, on August 6, 1964, interrogatories were filed against Penn American Financial Corporation and Greater Mortgage Company, apparently seeking information as to whether or not these two corporations were actually owned, controlled and operated by the same individuals.

The interrogatories were served on both corporations in Philadelphia, Pa., and no response was made thereto.

The Greater Mortgage Company, as assignee of the Penn American Financial Corporation, at February term, 1965, no. 1176, entered the judgment bond of record, noting thereon the balance due as $7,616.86, with five percent collection fee and interest from May 1, 1965. Execution followed at September term, 1965, no. 22.

The mortgagors are also concerned as to whether or not, when they executed the bond and mortgage for $8,000, they executed an affidavit of no defense for the full amount; but nothing in the equity proceedings above referred to contains any allegation to that effect. It was apparently one of the purposes of this suit to determine whether or not such an affidavit of no defense was executed.

Plaintiff in the execution contends that the action in equity, if justifiable, should have been started in Philadelphia, Pa., where the original mortgagee and the as-

signee are located. It is not necessary for us to consider that point here, for the reason that we conclude there is an adequate remedy which may be sought at law in defense to all of or a portion of the judgment entered at February term, 1965, no. 1176.

The Act of May 28, 1858, P. L. 622, 41 PS §4, provides that when a rate of interest for the loan or use of money exceeding that established by law shall have been reserved or contracted for, the borrower or debtor shall not be required to pay the creditor the excess over the legal rate, which is six percent. Where there is contained in a mortgage debt, directly or indirectly, an amount which represents more than the actual debt with legal interest, the borrower may defend against such excess when collection is attempted, or the judgment may be paid and satisfied, and suit brought to recover any usury collected.

The appropriate practice here is to file a petition to open the judgment with allegations set forth as to the actual indebtedness. If there is admitted to be due and unpaid all or any part of the amount claimed, judgment must be accorded plaintiff in the amount admitted to be due, and until such admitted obligation is discharged, the problem raised in the equity proceedings above referred to is unimportant. Defendant should tender any amount due and proceed under the petition to open judgment to have determined whether or not the defense of usury is valid. Then, application for stay of proceedings on the execution writ would be warranted.

Until and unless such petition to open judgment is filed and the factual situation disclosed therein, we cannot justifiably stay proceedings to collect any actual sums now due.

And now, June 1, 1965, the petitions for stay of execution and imposition of sanctions presented May 28, 1965, are refused.